IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY DICKERSON                                                                                    PLAINTIFF

v.                                          CIVIL NO. 13-3048

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Tammy Dickerson, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income (SSI) benefits. (Doc. 1). The Defendant filed an Answer to Plaintiff's action on July 12, 2013, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. 9). Plaintiff filed an appeal brief on August 14, 2013. (Doc. 11).

On September 9, 2013, the Commissioner, having changed positions, filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. 12). The Defendant seeks remand so that the Agency may re-evaluate Plaintiff's allegations, further develop the record as necessary, and issue a new decision.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests

a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, the Court finds remand for the purpose of the ALJ to further evaluate the evidence as addressed above appropriate.

Based on the foregoing, the Court finds remand appropriate and grants the Commissioner's motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 20th day of September, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)